1  DISABILITY RIGHTS LEGAL CENTER
2     Paula D. Pearlman (SBN 109038)
      Paula.Pearlman@lls.edu
3     Shawna L. Parks (SBN 208301)
      Shawna.Parks@lls.edu
4     Andrea F. Oxman (SBN 252646)
      Andrea.Oxman@lls.edu
5     Matthew Strugar (SBN 232951)
      Matthew.Strugar@lls.edu
6  919 ALBANY STREET
   LOS ANGELES, CA 90015
7  TEL:  (213) 736-1031
   FAX:  (213) 736-1428

8  Attorneys for Plaintiff STEPHANIE SUKHRAM

9

10                    UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
11

12  STEPHANIE SUKHRAM,                    Case No.  3:10-CV-00800-JSW

           Plaintiff,
13

14         vs.

15  UNIVERSITY OF CALIFORNIA,             **STIPULATION FOR PROTECTIVE**
    HASTINGS COLLEGE OF THE               **ORDER; [PROPOSED] ORDER**
16  LAW; LEO MARTINEZ, in his
    official capacity as Chancellor and
17  Dean of the University of California
    Hastings College of the Law; SUE
18  LUNBECK, in her official capacity as
    Director of the Disability Resource
19  Program for the University of
    California Hastings College of the
20  Law; KEITH H. WINGATE, in his
    official capacity as Associate
21  Academic Dean of the University of
    California Hastings College of the
22  Law; THOMAS GEDE, MARCI
    DRAGUN, CARIN FUJISAKI,
23  BRIAN MONAGHAN, BRUCE
    SIMON, TINA COMBS, CLAES
24  LEWENHAUPT, DONALD
    BRADLEY, and MAUREEN
25  CORCORAN, in their official
    capacities as the Board of Directors of
26  the University of California Hastings
    College of the Law,

27         Defendants.

28

THE PARTIES, BY AND THROUGH THEIR RESPECTIVE COUNSEL, HEREBY STIPULATE AS FOLLOWS:

1.  "Document" as used herein shall have the broadest possible meaning and shall include, without limitation:

    a.    a "writing," "recording," "photograph," "original," and "duplicate" as defined in Rule 1001 of the Federal Rules of Evidence;

    b.    any and all tangible things upon which any handwriting, typing, printing, drawing, representation, photostatic copy, magnetic or electrical impulse, or other form of communication is recorded or produced;

    c.    floppy disks, hard disks, magnetic tape and computer memory;

    d.    written discovery responses and the contents thereof, including, without limitation, responses to interrogatories, requests for admission, and document requests;

    e.    deposition transcripts and their contents; and

    f.    any physical means or medium of recording or storing information.

2.  As used herein, "Confidential Information" shall mean information which constitutes, reflects or discloses confidential or private information of the designating person which constitutes Plaintiff's medical records or information located in medical records. "Designating person" means the party, or third person or entity who designates documents, testimony or information as Confidential Information under this Order.

3.  Except as otherwise provided by order of the Court, no document containing Confidential Information, including information contained therein, shall be furnished, shown, or disclosed to any person except: (1) counsel for the parties to this action and paralegals and other professional personnel employed by said

1 counsel assisting those attorneys in the preparation and trial of this action;

2 (2) retained experts and consultants who are assisting said counsel in preparation

3 and/or trial; and (3) representatives of the parties, including their insurers, having

4 responsibility for the prosecution and/or defense of the case. However, such

5 Confidential Information may be disclosed to a witness at deposition or trial for the

6 purpose of examining the witness if necessary, provided that any such witness shall

7 be required to sign the form specified in paragraph 5 of this Order prior to disclosure

8 of the Confidential Information.

9     4.     Each person to whom Confidential Information is disclosed by counsel

10 shall be provided with a copy of this Order. Before being given access to these

11 materials, each such person shall acknowledge in writing his or her agreement to be

12 bound by the terms of this Order by executing the form specified in Attachment A

13 hereto.

14     5.     Any attorney who discloses Confidential Information shall maintain in

15 his or her office an executed acknowledgment in the form of Attachment A from

16 each person to whom such Confidential Information has been disclosed.

17     6.     In connection with the production of documents in this action, any

18 designating person may stamp, mark or otherwise designate any document

19 comprising, containing or referring to Confidential Information produced or to be

20 produced by it in connection with this litigation as "Confidential -- Subject to

21 Protective Order."

22     7.     In connection with the taking of any deposition in this action:

23     (a)     The party who noticed or requested the deposition shall, prior to

24 the commencement of testimony at such deposition, serve a copy of this Order upon

25 the officer reporting the deposition. Such officer shall acknowledge service of a

26 copy of this Order, and shall agree that he/she, his/her employees, and his/her agents

27 shall be bound by the terms of this Order, and shall make no use or disclosure of

28 Confidential Information unless expressly permitted by the terms of this Order, or

1 | by the express consent of all parties and any designating person who are or may
2 | become subject to the provisions of this Order. Such officer shall provide copies of
3 | the deposition transcript or deposition exhibits only to attorneys for the parties and,
4 | if the deposition is of a third person or entity, to that deponent or his/her attorney.
5 | Depositions at which Confidential Information is to be disclosed shall be attended
6 | only by persons authorized hereunder to have access to such information.

7 |       (b)    Counsel for any party hereto may, either during any such
8 | deposition or within thirty days of receipt of the transcript, designate the deposition
9 | transcript along with the deposition exhibits, or any portion thereof, as Confidential
10 | Information. If the deposition is of a third person or entity not joined herein, that
11 | third person or entity may use the same designation process set forth in this
12 | Paragraph.

13 |       (c)    With respect to deposition testimony, the witness or his counsel
14 | shall invoke the provisions of this Order by stating on the record during the
15 | deposition that testimony given at the deposition is designated "Confidential." No
16 | person shall attend those portions of the depositions designated "Confidential"
17 | unless such person is an authorized recipient of classified information under the
18 | terms of this Order.

19 |     8.    When a party to this Order designates testimony (including proposed
20 | testimony) of a person being deposed as Confidential Information, and objection is
21 | made to such designation, such testimony shall not be withheld because such
22 | objection has been made to the Confidential Information designation. Such
23 | testimony shall be treated as Confidential Information until a stipulation or order on
24 | motion that it should not be so treated.

25 |     9.    Any part or parts of this Order may be amended at any time by court
26 | order pursuant to written stipulation of the parties hereto or by order of this Court
27 | for good cause shown.

28 |

10. If a party to this Order objects to the designation of any Confidential Information, that party shall so notify the designating party in writing, identifying the Confidential Information as to which objection is made. The designating party shall respond within ten business days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information, any party may seek a ruling from the Court with respect to the designation(s) to which it has objected. The party seeking to maintain the Confidential Information shall bear the burden of establishing such status is warranted. Pending the Court's ruling, the provisions of this Order shall remain in force and the designated Confidential Information shall be accorded the full protections of this Order.

11. All documents or information actually comprising or containing Confidential Information that are filed in any court shall be sealed in a clearly marked envelope and opened only upon further direction of this Court. No documents filed under seal shall be made available to third parties or the public except by further order of this Court or in accordance with the terms, including the permitted uses specified at Paragraphs 3, of this Order.

12. The execution of this Order shall not, in itself, operate as an admission against or otherwise prejudice any contention of any party on any motion provided for herein, or in any other proceeding or trial in this action, nor shall this Order be taken to constitute a waiver of any party's right to seek relief from the Court from any or all provisions of this Order.

13. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation. Upon resolution of this action in the trial court, all Confidential Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise. Within 90 days after such final resolution, all documents containing Confidential Information, including all copies, summaries, and compilations, shall be destroyed.

1  Each party responsible for such destruction shall certify to all other counsel of
2  record that such destruction or return in fact took place.

3    14.    Notwithstanding Paragraph 14 above, counsel are not required to
4  destroy legal memoranda or opinion letters and other attorney-client privilege or
5  work product document that may contain references to or information extracted
6  from said documents, and all such memos and correspondence may be retained in
7  the attorneys' files.  However, the confidentiality of documents and information is
8  otherwise to be protected in accordance with the terms of this Order.

9    15.    Nothing contained in this Order shall preclude any party from applying
10 to the Court for further relief or for modification of any provision hereof.

11   16.    Nothing contained in this Order is intended to or shall be deemed or
12 limit either party from any further use of Confidential Information (or information
13 derived therefrom) which that party or its agent has itself produced, generated or
14 obtained other than from a designating party in this action.
15 //
   //
16
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27
28

17. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action.

IT IS SO STIPULATED.

Dated: 10/4/10

DISABILITY RIGHTS LEGAL CENTER

By: _____
        Matthew Strugar
Attorneys for Plaintiff Stephanie Sukhram.

Dated: 10/4/10

VARTAIN LAW GROUP

By: _____
        Michael J. Vartain
Attorneys for Defendants UNIVERSITY OF
CALIFORNIA, HASTINGS COLLEGE OF THE
LAW, LEO MARTINEZ, SUE LUNBECK, KEITH
H. WINGATE, THOMAS GEDE, MARCI
DRAGUN, CARIN FUJISAKI, BRIAN
MONAGHAN, BRUCE SIMON, TINA COMBS,
CLAES LEWENHAUPT, DONALD BRADLEY,
and MAUREEN CORCORAN

## EXHIBIT A

### AGREEMENT TO BE BOUND BY CONFIDENTIALITY STIPULATION

I, _____, (business address and telephone number ) _____ hereby acknowledge and certify that I have received a copy of the stipulation of confidentiality in the matter of Order entered in *Stephanie Sukhram v. University of California Hastings College of the Law, et al.* I have read and understand the Stipulation.  I agree to be bound by all the provisions of the Order and to comply with its terms.

I understand and agree that I shall not reveal any information that I receive pursuant to this Stipulation to anyone other than counsel for the parties in the lawsuit entitled *Stephanie Sukhram v. University of California Hastings College of the Law, et al.*, Case No. 10-00800 JSW.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 20___.

Location: _____

Name: _____

Signature: _____